

**ENTERED**
**TAWANA C. MARSHALL, CLERK**
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

*[signature]*

Signed October 27, 2006            **United States Bankruptcy Judge**

---

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| SYLVIA FERNANDEZ, | § | Case No. 01-36766-HDH-7 |
| | § | |
| Debtor. | § | |
| | § | |
| BEAL BANK, S.S.B. | § | |
| | § | Adversary Proceeding No. 05-03705 |
| Plaintiff/Counter-Defendant, | § | |
| | § | |
| vs. | § | |
| | § | |
| SYLVIA FERNANDEZ, | § | |
| | § | |
| Defendant/Counter-Plaintiff. | § | |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

On August 10, 2006, this court conducted an evidentiary hearing in the above referenced adversary proceeding. The day before the hearing, the Court asked the parties to discuss Judge Houser's opinion in *In re Kleibrink*, 346 B.R. 734 (Bankr. N.D. Tex. 2006), that had been entered on August 2, 2006, and also involved one of counsel for Debtor's clients. The parties requested, and

were given 30 days to supply the court with post-trial authorities. That period was extended because of a personal emergency by one of the attorneys involved to September 15, 2006. After consideration of the evidence, the arguments of counsel at the hearing, and the post-trial briefs, the Court finds for the Plaintiff.

## Jurisdiction

The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 1334 and 151, and the standing order of reference in this district. This Matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B), (C) and (K). The Court makes the following findings of fact and conclusions of law as to those claims pursuant to Federal Rule of Bankruptcy Procedure 7052:

## Findings of Fact

1.     On September 20, 1993, Rafael Fernandez, Jr. and Sylvia Fernandez ("Fernandez") executed a Note in the original principal amount of $10,364.00 (the "Note") and delivered to Beal Bank, S.S.B. ("Beal"), successor-in-interest to Associated Mortgage & Financial, Inc. The Note was secured by a Builder's and Mechanic's Lien Contract and Deed of Trust (the "Deed of Trust") that was duly recorded in Volume 93196, Page 0761 of the Real Property Records of Dallas County, Texas, fixing a second lien against real property commonly known as 616 Mt. Auburn, Dallas, Texas 75233 and more particularly described as:

> Being Lot 8, in block 21/1615 of Mount Auburn, an Addition to the City of Dallas, Texas, according to the revised map thereof recorded in Volume 1, Page 276, Map Records, Dallas, County, Texas (the "Property").

2.     On September 20, 1993, Associated Mortgage and Financial, Inc. executed and delivered to Beal an Assignment of Lien with respect to the Note and Deed of Trust.

3. On November 6, 1997, Fernandez filed for Chapter 13 bankruptcy protection under the United States Bankruptcy Code (the "Code") as Case No. 97-80388 ("Bankruptcy Case No. 1"). On December 31, 1997, an Order Dismissing Case Pursuant to General Order 93-1 was entered by the court [Docket No. 8] dismissing Bankruptcy Case No. 1.

4. On May 7, 1999, Ms. Fernandez filed for Chapter 13 bankruptcy protection under the Code as Case No. 99-33452 ("Bankruptcy Case No. 2"). Bankruptcy Case No. 2 was dismissed on May 11, 2001, after previously being dismissed and then reinstated on the Debtor's agreement for special monitoring by the Chapter 13 Trustee.

5. On August 15, 2001, Ms. Fernandez again filed for Chapter 13 bankruptcy protection under the Code as Case No. 01-36766 ("Bankruptcy Case No. 3").

6. On September 6, 2001, she filed her Schedules and Statement of Financial Affairs [Docket Nos. 5 and 6]. Under Schedule A (Real Property), she stated a secured claim on the Homestead of $19,824.11. On Schedule D (Creditors Holding Secured Claims), she stated a lien on the Homestead for Beal in the amount of $7,000.00. Ms. Fernandez attached to the Schedules a Declaration Concerning Debtor's Schedules, wherein she executed a declaration under penalty of perjury that the Schedules are true and correct to the best of her knowledge, information and belief.

7. On January 4, 2002, Beal filed a Proof of Claim (the "Proof of Claim"), showing that notices should be sent to Beal Bank, 6000 Legacy Drive, Suite 200E, Plano, Texas 75024. The Proof of Claim stated "money loaned" on September 20, 1993, as a basis for its claim, secured by real estate, and stated a total claim as of the Petition Date of $6,699.14.

8. Ms. Fernandez initially filed a Chapter 13 Plan, which listed Beal as a secured creditor in the amount of $6,699.14. Yet on September 12, 2002, she filed an Amended Chapter 13 Plan

treating Beal as a secured creditor in the amount of $613.03, and unsecured creditor in the amount of $6,086.11 (the "Final Plan") [Docket No. 55]. She also filed an Amended Debtor's Objection to Claim as to proof of claims filed by numerous creditors, including Beal (the "Claims Objection") [Docket No. 54] on September 12, 2002. The Claims Objection was to allow Beal's Proof of Claim as an unsecured claim in the amount of $6,699.14, with an allowed secured claim in the amount of $0.00.

9. The basis of the Fernandez's Claims Objection was that:

(1) Claimant filed a "Secured" Proof of Claim but did not attach sufficient and/or legible documents to evidence a perfected lien or security interest of this Debtor's estate as required by Bankruptcy Rule 3001(d). Alternatively, claimant failed to serve on Debtor's attorney a copy of the Proof of Claim with all the attachments, as required by paragraph 7 of General Order 93-1. This claim should be allowed as "Unsecured" only.

(2) Claimant filed a "Secured" Proof of Claim. The claim includes interest, fees, or other charges which are unreasonable and/or unauthorized by law or the agreement between the parties. The claim should be disallowed to the extent unreasonable or unauthorized.

10. Previously, on July 10, 2002, the Trustee filed his Objection to Confirmation on the grounds that the "proposed final plan is insufficient by the amount of $3,707 because of allowance of Beal Bank claim in the amount of $6,699." The Certificate of Service lists Beal's counsel at that time, Brice, Vander Linden, as a party to receive notice of the Trustee's Objection to Confirmation.

11. On September 20, 2002, the Trustee filed his Amended Notice of Hearing on Debtor's Objection to Claims; Confirmation of Debtor's Final Chapter 13 Plan and Debtor's Motion for Valuation [Docket No. 56] (the "Amended Notice"). The Amended Notice provided that objections had to be filed on or before October 17, 2002. The pre-hearing conference was scheduled for October 31, 2002.

12. On October 1, 2002, an Order Dismissing Chapter 13 Case Pursuant to General Order 98-4 was submitted by the Chapter 13 Trustee and entered by the Court.

13. On October 7, 2002, Debtor filed a Motion to Reconsider or Vacate Order Dismissing Chapter 13 Case. The Certificate of Service only lists the Trustee, Thomas Powers, as the party being served. Beal did not receive notice of this Motion.

14. On October 31, 2002, the Docket Report does not show that a pre-hearing conference on Ms. Fernandez's plan confirmation was held pursuant to the Amended Notice.

15. On November 5, 2002, the Trustee filed a Notice of Continued Hearing on Confirmation (the "Continued Hearing"). There is no certificate of service providing Beal with notice.

16. On November 13, 2002, the Court entered an Order Vacating Order Dismissing Chapter 13 Case. The service list indicates the Trustee and Ms. Fernandez's counsel as the only parties served.

17. On February 7, 2003, the Court entered an Order Confirming Modified Chapter 13 Plan, Valuing Collateral and Allowing Debtor's Attorney's Fees, and an Order on Debtor's Objection to Claims.

18. At no time between Fernandez's dismissal and the plan confirmation did Beal have notice and opportunity to object to the Chapter 13 Plan, or respond to Fernandez's objection to Beal's Proof of Claim.

19. Bankruptcy Case No. 3 was dismissed and reinstated two more times after the plan confirmation, before finally being converted to a Chapter 7.

20. Ms. Fernandez has not amended her Schedule D, listing Beal as a secured creditor with a secured claim of $7,000.00, as of the date that this proceeding was filed.

**Conclusions of Law**

1. Before creditors can be bound by a debtor's chapter 13 plan and objection to claim, the Fifth Amendment Due Process Clause entitles creditors to notice. *See In re 50-Off Stores, Inc.*, 231 B.R. 592, 594 (Bankr. W.D. Tex. 1999) (citing *Piedmont Trust Bank v. Linkous (In re Linkous),* 990 F.2d 160, 162 (4th Cir.1993)).

2. The United States Supreme Court has held that notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950) (citations omitted); *In re Kendavis Holding Co.*, 249 F.3d 383, 386 (5th Cir. 2001); *In re Christopher,* 28 F.3d 512, 516 and 519 (5th Cir. 1994).

3. Beal was not made aware that the instant case had been reinstated and, further, was not notified of the hearing on the plan confirmation and claim objection. Beal has been denied sufficient notice and opportunity to be heard on the plan and claim objection which purported to render Beal's claim unsecured.

4. In the alternative, Considering the Debtor's argument that no notice of the reinstatement was necessary prior to continuing the hearing on the objection to Beal's claim, the Court finds Judge Houser's opinion in *In re Kleibrink* persuasive:

> [W]hen the debtor seeks to extinguish a lien under Section 506(d), on the ground that it secures a claim which is not an allowed secured claim due to a successful challenge to the validity, priority, or extent of the lien, then an adversary proceeding is required, unless the debtor files a claim objection which affords the creditor due process before extinguishing its property right. The claim objection process may 'substitute' for an

>adversary proceeding where the claim objection is clearly joined with a demand for relief of the kind specified in Rule 7001– *i.e.,* where the claim objection gives clear notice that the debtor is challenging the validity, priority, or extent of the lien and seeks to abrogate a creditor's right to look to its collateral, and the debtor complies with the procedural safeguards set forth in Part VII of the Federal Rules of Bankruptcy Procedure.

*In re Kleibrink*, 346 B.R. 734, 753 (Bankr. N.D. Tex. 2006). Here an adversary proceeding was not filed, and at a minimum, the procedural safeguards of Part VII of the Federal Rules of Bankruptcy Procedure were not complied with. Therefore, Beal still holds a valid secured claim in this case

5. Ms. Fernandez is not entitled to any damages asserted against Beal in her counter-claims in this case.

6. Beal's Complaint was not filed in bad faith.

7. Beal is entitled to reasonable attorneys fees, which should be submitted to the Court within 10 days. Debtor shall have 10 days to review and object, if she desires. The Court will consider the fees without a hearing.

8. After the ruling on the fees, Beal's counsel shall submit a final judgment.

###End of Findings of Fact and Conclusions of Law###